FILED'08 JUN 10 11:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE BANKS, SR., and
ERNESTINE BANKS,

                                        Civil No. 08-367-AC

            Plaintiff,

                                        ORDER TO DISMISS

      v.

FARMERS INS. GROUP,

            Defendant.

HAGGERTY, Judge.

      Plaintiff[1], an inmate at the Multnomah County Inverness Jail,
brings this civil action *pro se*.  Pursuant to an order entered by
the court this date, Plaintiff was granted leave to proceed *in
forma pauperis*.  However, for the reasons set forth below,
plaintiff's complaint is dismissed.  See 28 U.S.C. § 1915(e)(2).

_____

      [1]The caption of the Complaint identifies both Willie Banks,
Sr. and Ernestine Banks as Plaintiffs.  Only Willie Banks, Sr.,
however, signed the Complaint.  Any claims of Ernestine Banks are
not properly before this court. *See Storseth v. Spellman*, 654 F.2d
1349, 1355 (9th Cir. 1991) (a non-lawyer may not file papers with
the court or otherwise represent the rights of a *pro se* litigant).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff's Complaint consists solely of the statement "REIMBERSMENT [sic] OF THEFT LOSS." Plaintiff does not allege any facts or law upon which his complaint is based, and does not allege what relief he seeks.

## STANDARDS

Where a plaintiff is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B)  the action : . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the

light most favorable to the nonmoving party. *Tanner*, 879 F.2d at
576.

In civil rights cases involving a plaintiff proceeding *pro
se*, this court construes the pleadings liberally and affords the
plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d
1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX
Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-
Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.
1988).

Before dismissing a *pro se* civil rights complaint for failure
to state a claim, this court supplies the plaintiff with a
statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at
1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832
F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given
leave to amend his or her complaint unless it is absolutely clear
that the deficiencies of the complaint cannot be cured by
amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203
F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Jurisdiction

Federal courts are courts of limited jurisdiction and cannot
hear every dispute presented by litigants. *Stock West, Inc. v.
Confederated Tribes of the Colville Reservation*, 873 F.2d 1221,

1225 (9th Cir. 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 U.S.C. § 1332. If it appears from the allegations in a complaint that this court lacks subject matter jurisdiction, then Fed. R. Civ. P. 12(h) requires the court to dismiss the complaint.

Plaintiff does not allege any claims invoking either federal question jurisdiction or diversity jurisdiction. Because Plaintiff fails to allege a basis for this court to exercise subject matter jurisdiction, the court must dismiss Plaintiff's Complaint.

## II. Procedural Defects

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall contain the following:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

4 - ORDER TO DISMISS -

Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a). Accordingly, the Complaint must be dismissed. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) (if the factual elements of a cause of action are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper); *Conkey v. Reno*, 885 F.Supp. 1389, 1392 (D. Nev. 1995) (failure to indicate what in particular plaintiffs seek by way of judgment is in itself a failure to state a claim).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in

the dismissal of this proceeding, with prejudice.  In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[2]

IT IS SO ORDERED.

DATED this __10__ day of June, 2008.

_Ancer L. Haggerty_
Ancer L. Haggerty
United States District Judge

_____

[2]   Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm.  28 U.S.C. § 1915(g).

6 - ORDER TO DISMISS -